COMMONWEALTH of Pennsylvania,
Appellee

v.

Ricky L. ALLSHOUSE, Appellant.

Superior Court of Pennsylvania.

Argued June 22, 2011.
Filed Sept. 1, 2011.

David B. Chontos, Turtle Creek, for appellant.

Trudy G. Lumadue, Assistant District Attorney, Clearfield, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J.E., BENDER and STRASSBURGER*, JJ.

* Retired Senior Judge assigned to Superior Court.

OPINION BY STRASSBURGER, J.

Ricky L. Allshouse, Appellant, appeals from the order revoking his probation and resentencing him. He asserts that the Clearfield County trial court erred in determining that his probation commenced upon his release from state incarceration. We affirm.

On June 11, 2004, Appellant was involved in a physical altercation with officers from the Sandy Township, Clearfield County, Pennsylvania Police Department. Appellant subsequently pled guilty to one count of aggravated assault and one count of resisting arrest[1] as a result of that incident (Clearfield County case). On July 21, 2005, Appellant was sentenced on the Clearfield County case to a term of not less than one nor more than two years' incarceration in a state correctional facility, followed by a consecutive term of two years of probation to be supervised by the Pennsylvania Board of Probation and Parole (the Board).

On November 2, 2005, Appellant was sentenced on an unrelated matter in Jefferson County, Pennsylvania (Jefferson County case). Appellant's sentence on the Jefferson County case was not more than one nor less than three years' incarceration in a state correctional facility. The Jefferson County court specified that its sentence was to run consecutively to the sentence imposed at the Clearfield County case. Trial Court Opinion, 8/31/2010, at 1.

The Department of Corrections (DOC) aggregated the Clearfield and Jefferson County sentences, resulting in a two-to-five year period of incarceration. Appellant failed to make parole and served his maximum five-year sentence. While he was serving his aggregated state sentence, Appellant pled guilty to three institutional

violations, including threatening prison staff. N.T., 9/13/2010, at 2.

On or about June 24, 2010, at the expiration of his maximum sentence, Appellant was immediately detained on a probation violation order from Clearfield County. Probation officials claimed that Appellant had violated his probation when he refused to acknowledge the terms and conditions of that probation, threatened prison staff, and failed to provide a home plan.

On July 12, 2010, Appellant appeared in Clearfield County for his probation violation hearing. At this hearing, the trial court heard evidence of Appellant's institutional violations and his repeated refusal to sign and acknowledge the conditions of his probation. Based on Appellant's conduct, the Commonwealth asked that Appellant's probation be revoked. Appellant, through counsel, argued that Appellant's Clearfield County probation was " 'constructively served' at the conclusion of the Clearfield County sentence while [Appellant] remained incarcerated on the Jefferson County sentence." Trial Court Opinion, 12/1/2010, at 2. Thus, Appellant contended, there was no probation to violate as the imposed two year term had been completed while Appellant was in DOC custody. *Id.* The trial court granted both parties additional time to brief the issue and continued the matter.

On July 22, 2010 probation officials met with Appellant; once more, he refused to sign the conditions of his probation. On August 2, 2010, Appellant appeared before the Clearfield County court again for the continuation of his violation hearing. During the August 2 hearing, Appellant repeatedly made unprovoked, random outbursts on the record alleging that various people were plotting to take his life, violating his constitutional rights, and spreading

1. 18 Pa.C.S. §§ 2702(a)(3) and 5104, respectively.

lies about him. Appellant's counsel was not present as he had not received notice of the hearing. In light of counsel's absence, the matter was continued until September 13, 2010.

On August 31, 2010, the trial court issued an opinion regarding the constructive probation issue raised by Appellant's counsel at the July 12, 2010 hearing. In rejecting Appellant's argument, the trial court determined that Appellant's sentences were properly aggregated by the DOC, resulting in one two-to-five year sentence, and Appellant's consecutive Clearfield County probation commenced immediately following his release from state prison when he reached his maximum aggregate incarceration date. *Id.*

On September 13, 2010, following a hearing, the trial court revoked Appellant's probation. In so doing, the court acknowledged its belief that Appellant was a danger to the public and inappropriate for release on probation. N.T., 8/2/2010, at 5–10. The trial court then re-sentenced Appellant to a term of not less than ten months' nor more than three years' incarceration.

Appellant filed timely post-sentence motions.[2] Argument was held on Appellant's motions on October 6, 2010. On October 13, 2010, Appellant filed his Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises two questions for our review:

1. The judiciary branch of our government sentences those citizens who have been convicted of a crime including when probation begins. The executive branch, through the Board of Probation and Parole, has supervisory powers of those on probation. The Board, however, does not have the authority to say when probation starts. When the Board said [Appellant's] probation began in 2010 was the separation of powers doctrine violated?

2. Probation conditions are imposed by the trial court not a probation officer. A condition which was not imposed on [Appellant] was for him to acknowledge those conditions in writing. Yet, that was the very basis for revoking his probation. Did the trial court commit an error of law when it took that action?

Appellant's Brief at 4.

Appellant's first issue appears to raise a constitutional question; "as with all questions of law, the appellate standard of review is *de novo....*" *In re Wilson*, 879 A.2d 199, 214 (Pa.Super.2005) (*en banc*). The scope of our review is plenary. *See Commonwealth v. Crawford*, 24 A.3d 396 (Pa.Super.2011).

■ Appellant claims that the Board, an office of the executive branch, violated the separation of powers doctrine because it, and not the Clearfield County trial court, an office of the judicial branch, determined when Appellant's probation began.

■ We begin by noting

One of the distinct and enduring qualities of our system of government is its foundation upon separated powers. Under the principle of separation of the powers of government, ... no branch should exercise the functions exclusively committed to another branch. The separation of powers doctrine has historically protected the judiciary against incursions into areas other than its conduct of adversary litigation.

2. Appellant timely filed a notice of appeal before the trial court had the opportunity to rule on Appellant's post-sentence motions.

The trial court addressed Appellant's claims of error in its 1925(a) opinion. Trial court Opinion, 12/1/2010, at 2.

*Commonwealth v. Mockaitis,* 575 Pa. 5, 834 A.2d 488, 499 (2003) (citations and quotations omitted). Interference in the operation of courts by either the executive or legislative branch is a violation of the separation of powers doctrine. *First Judicial Dist. of Pennsylvania v. Pennsylvania Human Relations Commission,* 556 Pa. 258, 727 A.2d 1110, 1112 (1999).

In evaluating this question, we must first determine whether the DOC acted improperly in aggregating Appellant's periods of state incarceration into a single sentence.

■ Pennsylvania statutory law provides:

Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed.

42 Pa.C.S. § 9757. This statute mandates automatic aggregation of sentences once a trial court imposes a consecutive sentence. *Commonwealth v. Ford–Bey,* 404 Pa.Super. 281, 590 A.2d 782, 783 (1991). *See Commonwealth v. Harris,* 423 Pa.Super. 190, 620 A.2d 1175 (1993).

Here the trial court reasoned that, because Appellant's Jefferson County sentence was specifically imposed consecutively to that imposed at the Clearfield County case, the DOC properly aggregated the sentences. Trial Court Opinion, 8/31/2010, at 1–2. We agree. As the aggregation of Appellant's sentences by the DOC is mandatory, the discretionary aspect of the Clearfield County trial court's sentence has not been affected. Accordingly, we hold the separation of powers doctrine has not been violated in this regard.

■ We turn now to Appellant's claim that the Board somehow disregarded the trial court's "directive [that probation begin in 2007 and end in 2009] and detained [Appellant] based upon its view that probation began in 2010." Appellant's Brief at 13. Appellant's position is belied by the record.

The plain language of Appellant's sentencing order provides, in relevant part,

NOW, this 21st day of July 2005, [Appellant] having entered Pleas of Guilty to charges of Aggravated Assault, a Felony of the Second Degree, he pay for the benefit of Clearfield County the sum of One ($1.00) Dollar, together with costs of prosecution, that he be incarcerated at the State Diagnostic and Classification Center in Albion, Pennsylvania, for a term the minimum of which shall be one (1) year, the maximum of which shall be two (2) years, and that he serve a consecutive period of Probation of two (2) years under the supervision and control of the Pennsylvania State Board of Probation and Parole.

\*      \*      \*

On the charge of Resisting Arrest, that he pay for the benefit of Clearfield County the sum of One ($1.00) Dollar, together with costs of prosecution; that he serve a period of Probation of two (2) years under the supervision and control of the Pennsylvania State Board of Probation and Parole, to be served concurrent to the sentence entered above and under the same terms and conditions.

Clearfield County Case Sentencing Order (Sentencing Order), 7/21/2005, at 1–2. The Sentencing Order provides no basis for Appellant's assertion that "the trial court wanted the probation to start in the year 2007 and conclude in the year 2009." Appellant's Brief at 13. The trial court's stated "intent" was for Appellant to be

incarcerated for a minimum of one, but not more than two years, and supervised by the Board for an additional two years. The Sentencing Order does not contemplate the immediate situation: that Appellant would be sentenced to additional state incarceration stemming from an unrelated case in a different county. However, even in light of the instant facts, the intent of the Clearfield County court is clearly realized: Appellant was incarcerated for 2 years on his Clearfield County case. Upon release from state incarceration, Appellant was placed on probation, again on the Clearfield County case. The intervening Jefferson County case is immaterial. The Clearfield County court confirmed this intent in its August 30, 2010 opinion when it found that Appellant's probation properly began after he was released at his aggregate maximum date. Trial Court Opinion, 8/31/2010, at 3–4. Additionally, this position is consistent with the mandatory aggregation provisions contained in 42 Pa. C.S. § 9757, *supra.*

■ We note that this is an issue of first impression in this jurisdiction. As such, following oral argument before this panel, Appellant was given an opportunity to supplement his argument that his probation was served "constructively" while Appellant was incarcerated on the Jefferson County sentence with case law from our federal courts.[3]

The relevant federal statute provides

## § 3564. Running of a term of probation

(b) Concurrence with other sentences.—Multiple terms of probation, whether imposed at the same time or at different times, run concurrently with each other. A term of probation runs concurrently with any Federal, State, or local term of probation, supervised release, or parole for another offense to which the defendant is subject or becomes subject during the term of probation. **A term of probation does not run while the defendant is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than thirty consecutive days.**

18 U.S.C. § 3564(b) (emphasis added).

■ This Court can find no case law discussing the applicability of Section 3564(b). However, a common-sense reading of this statute prohibits "constructive probation." Moreover, we find no support in the Pennsylvania statutes that the General Assembly intended to permit defendants to serve a term of probation and a term of state incarceration simultaneously.[4] To do as Appellant requests would run contrary to the various policy considerations underlying sentencing.[5]

---

**3.** *See Martin v. Hale Products, Inc.,* 699 A.2d 1283, 1287 (Pa.Super.1997) (although decisions of the federal courts are not binding on this Court, state courts may look to federal court decisions for guidance in interpreting state law).

**4.** Appellant concedes that Section 3564(b) is contrary to his position. Appellant's Post–Submission Letter, 7/5/2011, at 3 (unnumbered). However, he argues that Section 3564(b) has no applicability in Pennsylvania, nor does Pennsylvania have a corresponding statutory provision. Instead, Appellant en-

courages this Court to ignore the plain language of the federal statute and focus on "that old legal stand-by": the intent of the sentencing judge. *Id.* at 4 (unnumbered).

**5.** It is apparent that the legislature has vested broad discretion in the trial court to impose a sentence appropriate to each case which comes before it. It is also apparent that the legislature has provided a thorough, though not exhaustive, outline of considerations to focus the court's deliberations in choosing an appropriate sentence. *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17, 20 (1987).

Accordingly, we reject Appellant's argument on the applicability of "constructive probation" in the instant case. This holding is consistent with the current status of the law in Pennsylvania and the trial court's original sentence. As the trial court's discretion has not been disturbed in any way by the DOC, we further hold that the separation of powers doctrine has not been violated.

■ We turn now to Appellant's second issue: whether "the evidence was insufficient to support the [Clearfield County court's] decision to revoke probation[?]" Appellant's Brief at 20.

Our review of Appellant's claim is guided by the following principles:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment-a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super.2000) (quotation marks and citations omitted).

The Sentencing Code prescribes, with respect to the imposition of conditions of probation, that "[t]he court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life." 42 Pa.C.S. § 9754(b). In *Commonwealth v. Vilsaint*, 893 A.2d 753 (Pa.Super.2006), a panel of this Court, citing 42 Pa.C.S.

§ 9754(b), held that "the legislature has specifically empowered the court, not the probation offices and not any individual probation officers, to impose the terms of probation." *Id.* at 757. Furthermore, in *Commonwealth v. MacGregor*, 912 A.2d 315 (Pa.Super.2006), this Court noted that a sentencing court cannot revoke probation based upon a probationer's violation of a condition imposed solely by a probation office.

When assessing whether to revoke probation, the trial court must balance "the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison." *Commonwealth v. Ballard*, 814 A.2d 1242, 1245 (Pa.Super.2003). In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence[6] that a defendant violated his probation. *Commonwealth v. Shimonvich*, 858 A.2d 132, 134 (Pa.Super.2004).

Relying on our holdings in *Vilsaint* and *MacGregor, supra*, Appellant argues that the trial court revoked his probation solely on the basis that he failed to sign and acknowledge the conditions of his probation, a condition not imposed by the trial court at sentencing. Appellant's Brief at 20.

The requirement that Appellant sign and acknowledge the terms and conditions of his probation is not expressly ordered by the Clearfield County trial court. However, "[t]he courts have recognized 'implied conditions' of probation, such as 'do not commit another crime.' Such implied conditions are obvious in nature." *Vilsaint*, 893 A.2d at 757 n. 5. In *Vilsaint*, the trial court expressly permitted the proba-

---

**6.** To prove a fact by a preponderance of the evidence, the Commonwealth must prove that the existence of the contested fact is more probable than its non-existence. *Commonwealth v. Scott*, 850 A.2d 762, 764 (Pa.Super.2004).

tion officer, as a condition of appellant's probation, to enroll appellant in any program the officer deemed necessary. The officer told the defendant he was not to consume alcohol. The trial court found the defendant in violation of his probation when he tested positive for alcohol consumption. We concluded that telling the defendant not to drink was different from enrolling him in a program. *Id.* at 755–756. Further we noted that "[d]rinking alcohol and/or being intoxicated are not illegal in and of themselves. Thus, we do not believe the consumption of alcohol to be included in the realm of 'implied conditions' of probation." *Id.* at 757 n. 5.

■ Instantly, the Commonwealth requested that Appellant's probation be revoked on the basis that he refused to cooperate with probation officials by formally acknowledging the terms and conditions of his probation. It seems obvious that, in order to comply with a trial court's order of probation, an appellant must acknowledge the terms with which he is ordered to comply. The purpose of probation is rehabilitation and reintroduction into society. Without acknowledgment of the limitations and requirements involved in this rehabilitation, a defendant cannot achieve success in this regard. To hold that Appellant should be released to probation after five years' incarceration and not require that he acknowledge in writing the terms of that probation is contrary to our system of justice. We hold, therefore, that Appellant's written acknowledgment of the terms and conditions of his probation, a sentence he was serving five years after it was first ordered, is an obvious, implied condition of his probation.

We note that in *MacGregor, supra,* our holding was based, in part, on the fact that the probation agent, and not the trial court, issued the specific term of probation which was allegedly violated. Instantly,

the certified record in this case does not include a copy of the terms and conditions presented to Appellant by the Clearfield County probation department, nor does it include a copy of the sentencing transcript. Appellant does not allege that the terms and conditions contained in the written document exceeded or modified those set forth by the trial court during sentencing. Accordingly, our holding in *MacGregor* is inapplicable to the instant facts as Appellant has not alleged that the terms presented to him by the probation department differed in any way from those issued by the trial court.

Moreover, the record before us shows that Appellant has committed numerous offenses while incarcerated, any one of which would be sufficient for revocation. On September 13, 2010, when revoking Appellant's probation, the court asserted its belief that Appellant was a danger to the public and inappropriate for release on probation. N.T., 9/13/2010, at 12.

In its opinion, the trial court reiterated its position relative to the revocation, stating that

[Appellant] has repeatedly engaged in threatening behavior, targeting a variety of law enforcement and prison officials. These threats tend to suggest that there are anger management issues that need [to be] resolved. [Appellant's] bizarre behavior and statements at the August 2, 2010[ ] session of Revocation Court also indicated that there are mental health concerns that need to be addressed. [Appellant's] mother confirmed this assessment and defense counsel predicted [Appellant's] obstinacy would continue in prison, resulting in him serving another maximum sentence. These facts strongly suggest [Appellant's] behavior has not improved, mak-

ing probation the least appropriate alternative.

\* \* \*

[Appellant] has consistently refused to cooperate with probation officials, refusing to sign his conditions on at least three occasions.... Although [Appellant] was revoked for a technical violation for failure to sign, the [trial court] cannot ignore the [Appellant's] other conduct as further evidence of his defiance.

Trial Court Opinion, 12/1/2010, at 3–5 (citations and footnotes omitted).

We have held that

If, at any time before the defendant has completed the maximum period of probation, or **before he has begun service of his probation,** he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not "change his position from the possession of a privilege to the enjoyment of a right."

*Commonwealth v. Wendowski,* 278 Pa.Super. 453, 420 A.2d 628 at 630 (1980) (quoting *James v. U.S.,* 140 F.2d 392, 394 (5th Cir.1944)).

As in *Wendowski,* Appellant's probation was revoked prior to its commencement on the basis that Appellant was a danger to society and, therefore, unworthy of probation. Additionally, as previously discussed, Appellant's refusal to sign and acknowledge the terms and conditions of his probation as set forth by the trial court is a violation of the implied conditions of his probation. Accordingly, we hold that the trial court did not abuse its discretion in revoking Appellant's probation.

Judgment of sentence affirmed. Jurisdiction relinquished.