J-A10030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW ANDERSON | |
| Appellant | No. 1668 MDA 2014 |

Appeal from the Judgment of Sentence September 12, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001443-2008

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                        **FILED MAY 28, 2015**

Appellant, Matthew Anderson, appeals from the September 12, 2014 judgment of sentence of six months' to three years' imprisonment, imposed following the revocation of his prior probation sentence.  After careful review, we affirm.

We summarize the relevant facts and procedural history of this case, as contained in the certified record, as follows.  On December 8, 2008, the trial court imposed on Appellant an aggregate sentence of four and one-half to nine years' imprisonment after Appellant pled guilty to three counts of possession with intent to deliver (PWID) and one count of criminal use of a

communication facility.[1]   On September 13, 2010, upon agreement, the PCRA court granted Appellant's amended petition for post-conviction collateral relief and vacated the December 8, 2008 judgment of sentence. On that same date, Appellant pled guilty to two counts of PWID and one count of criminal use of a communication facility,[2] and the trial court imposed an aggregate sentence of three to six years' imprisonment, commencing July 17, 2008, followed by three years' probation under the special supervision of the Pennsylvania Board of Probation and Parole.[3] Appellant served the maximum term of imprisonment, which expired on July 17, 2014, and his three years' probation began that day.

On September 12, 2014, the trial court held a probation violation hearing at which a representative of the Board of Probation and Parole testified that Appellant had committed two technical violations of his probation.  Specifically, Appellant's two technical violations were his failure to report to his probation officer and his use of a controlled substance,

_____

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 7512(a), respectively.

[2] The third count of PWID, to which Appellant originally pled guilty and was sentenced, was *nolle prossed*.

[3] Specifically, on the first count of PWID (cocaine), the trial court sentenced Appellant to three to six years' imprisonment.  On the second count of PWID (heroin), the trial court imposed a sentence of one to two years' imprisonment to run concurrently with Appellant's first PWID sentence.  On the conviction for criminal use of a communication facility, the trial court imposed a sentence of three years' probation, consecutive to Appellant's aforementioned sentences.

evidenced by both a urine sample, which tested positive for THC, and Appellant's admission to his probation officer that he had smoked marijuana. N.T., 9/12/14, at 5-8. Based on these two technical violations, the trial court found Appellant had violated the terms of his probation. Consequently, the trial court revoked Appellant's probation, and re-sentenced him to six months' to three years' imprisonment.

Appellant did not file a post-sentence motion. On October 2, 2014, Appellant timely filed a notice of appeal.[4]

On appeal, Appellant raises the following issue for our review.

> I. Did the [trial] court err in revoking probation as it lacked proof of the "violation of specified conditions of probation" as required by 42 [Pa.C.S.A.] § 9771(b) where a state parole agent rather than the sentencing court imposed the conditions alleged to have been violated[?]

Appellant's Brief at 5.

The following standards guide our review of Appellant's issue. "The court may revoke an order of probation upon proof of the violation of specified conditions of the probation." 42 Pa.C.S.A. § 9771(b). Revocation of probation is in the sound discretion of the trial court and we will not disturb it in the absence of an error of law or an abuse of discretion. **Commonwealth v. Perreault**, 930 A.2d 553, 558 (Pa. Super. 2007),

---

[4] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

*appeal denied*, 945 A.2d 169 (Pa. 2008). "The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." **Id.** (citation omitted).

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

**Commonwealth v. Allshouse**, 33 A.3d 31, 37 (Pa. Super. 2011) (citation omitted), *appeal denied*, 49 A.3d 441 (Pa. 2012).

Appellant does not challenge the sufficiency of the evidence of his failure to report and his use of marijuana, upon which the trial court based his revocation. Instead, he contends that he did not violate the conditions of his probation because the sentencing court did not impose, as express conditions, the requirements to report or to abstain from using controlled substances. Appellant maintains his probation officer imposed those conditions in contravention of Section 9754(b) of the Sentencing Code, which requires the trial court to prescribe probation conditions. Appellant's Brief at 12. Thus, according to Appellant, the trial court was without

authority to revoke his probation by enforcing conditions that the trial court did not impose. *Id.* We disagree.

Section 9754 of the Sentencing Code describes a trial court's authority to impose conditions of probation as follows.

### § 9754. Order of probation

**(a) General rule.**--In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision.

**(b) Conditions generally.**--The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.

42 Pa.C.S.A. § 9754(a)-(b). Subsection (c) contains 15 conditions, including "any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." *Id.* § 9754(c)(13). Further, Section 6133 of the Prisons and Parole Code provides the Board of Probation and Parole has the "exclusive power" to supervise a probationer when the sentencing court's order directs supervision by the Board (special probation), and Section 6131(a)(5)(ii) authorizes the Board to establish uniform standards for the supervision of probationers. 61 Pa.C.S.A. §§ 6133(a), 6131(a)(5)(ii).

Our Supreme Court has reconciled the trial court's exclusive authority to attach conditions of probation with the Board's power to impose conditions of supervision as follows.

> [T]he Board and its agents may impose conditions of supervision that are germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court. This interpretation gives meaning to all of the statutory provisions relevant to this case and thus: (1) maintains the sentencing authority solely with a trial court; (2) permits the Board and its agents to evaluate probationers on a one-on-one basis to effectuate supervision; (3) sustains the ability of the Board to impose conditions of supervision; and (4) authorizes that a probationer may be detained, arrested, and "violated" for failing to comply with either a condition of probation or a condition of supervision. In summary, a trial court may impose conditions of probation in a generalized manner, and the Board or its agents may impose more specific conditions of supervision pertaining to that probation, so long as those supervision conditions are in furtherance of the trial court's conditions of probation.

*Commonwealth v. Elliott*, 50 A.3d 1284, 1292 (Pa. 2012) (footnote omitted) (holding that revocation was proper based on a violation of the Board's condition of supervision that probationer not be within 1,000 feet of areas where primary activity involves minors as said condition derived from the trial court's condition of probation that probationer not have unsupervised contact with minors).

Further, this Court has recognized that there are certain implied conditions inherent in probation orders, such as not engaging in unlawful acts during the probationary period. *Allshouse*, *supra*. In *Allshouse*, this

Court addressed a similar issue to the one involved in the instant case. Therein, the defendant argued that the trial court improperly revoked his probation for the defendant's refusal to sign and acknowledge a form with the conditions of his probation because the sentencing court did not impose such a condition. ***Id.*** In affirming the revocation of probation, this Court held that while the sentencing court did not expressly impose the condition, it was "an obvious, implied condition of his probation." ***Id.*** at 38; ***cf. Vilsaint***, ***supra*** at 756, 757 n.5 (rejecting Commonwealth's contention that banning alcohol consumption was derived from condition that authorized probation department to enroll the defendant in any counseling programs and noting that prohibiting drinking alcohol cannot be an implied condition because drinking and being intoxicated are not illegal).

In this case, the trial court found that Appellant violated two conditions of supervision imposed by the Board. First, Appellant did not report regularly to his probation officer. Second, Appellant used controlled substances, specifically marijuana. These conditions of supervision were derivative of the sentencing court's order specifically imposing the following conditions of probation, among others, "[t]hat you violate no law of this Commonwealth or any other jurisdiction during your probationary period[,]" and "[t]hat you comply with all the conditions, rules, and regulations as required by the Centre County Probation and Parole Department." Order, 9/13/10, at ¶¶ 2-3; ***see also Elliott***, ***supra*** at 1292 (stating that "a trial

court may impose conditions of probation in a generalized manner[]"). Thus, the trial court had the authority to revoke Appellant's probation for using marijuana, which is evidence that Appellant engaged in unlawful activity in violation of the second condition of his probation.[5] **See** Order, 9/13/10, at ¶ 2; 35 P.S. § 780-113(a)(31) (prohibiting possessing a small amount of marijuana).

Based on the foregoing, we conclude that the trial court did not abuse its discretion or commit an error of law in finding Appellant violated his probation. **See** 42 Pa.C.S.A. § 9771(b); **Perreault**, **supra**. Accordingly, we affirm the September 12, 2014 judgment of sentence imposed following the revocation of Appellant's probation. **See Allshouse**, **supra** at 37.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/2015

---

[5] Given our conclusion that the trial court properly revoked Appellant's probation for possessing and using marijuana, we need not evaluate whether Appellant's failure to report to the probation officer provides an additional basis for revocation. **See Allshouse**, **supra** at 38.