J-S62026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NICHOLAS LEE POTTER | |
| Appellant | No. 534 WDA 2015 |

Appeal from the Judgment of Sentence September 15, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0015710-2013

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED NOVEMBER 16, 2015**

Appellant Nicholas Lee Potter appeals from the September 15, 2014 judgment of sentence entered in the Allegheny County Court of Common Pleas.  We find the sentence imposed for indecent assault (complainant less than 13 years of age)[1] of 18 to 60 months' incarceration and 5 years' probation is illegal because it provides for a maximum sentence of 10 years,[2] which exceeds the statutory maximum of 7 years.  We vacate the judgment of sentence and remand for re-sentencing.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(7).

[2]  The sentencing order provided that Appellant was to begin serving both the incarceration and probation portion of his sentence on the date of sentencing.

On September 15, 2014, Appellant entered a negotiated guilty plea. He pled guilty to indecent assault (complainant less than 13 years of age), graded as a third-degree felony, corruption of a minor,[3] and unlawful contact with a minor.[4]  N.T., 9/15/2014, at 3-6.  The Commonwealth withdrew an involuntary deviate sexual intercourse count.[5]  *Id.* at 2.  The negotiated sentence was 18 to 60 months' incarceration, followed by an unspecified period of probation.  *Id.* at 3.

The trial court sentenced Appellant that same day to 18 to 60 months' incarceration and 5 years' probation at the indecent assault count.   N.T., 9/15/2014, at 6-7; Order of Sentence, 9/15/2014.  The court imposed no further penalty at the other counts.  Appellant filed a post-sentence motion, which the trial court denied on February 26, 2015.  On March 27, 2015, Appellant filed a timely notice of appeal.  Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issue on appeal:

> 1. Whether [Appellant's] September 15, 2014 judgment of sentence at Count 3 is illegal as the concurrent terms of 1.5 to 5 years' incarceration and 5 years' probation exceed[] the lawful maximum of 7 years and violates his rights against being placed twice in jeopardy – under Article 1, section 10 of the Pennsylvania Constitution

_____

[3] 18 Pa.C.S. § 6301(a)(1)(i).

[4] 18 Pa.C.S. § 6318(a)(1).

[5] 18 Pa.C.S. § 3123(b).

and/or the Fifth and Fourteenth Amendments to the United States Constitution – and/or violated other law?

Appellant's Brief at 3. Appellant maintains his sentence is illegal because the maximum imposed by the trial court, 5 years of incarceration and 5 years of probation, exceeds the maximum penalty permitted for an indecent assault conviction. *Id.* at 8. Although the Commonwealth disagrees with Appellant's analysis, it agrees we should remand for re-sentencing. Appellee Brief at 11, 14-15.[6]

Appellant challenges the legality of his sentence, which is a question of law. Our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Hawkins*, 45 A.3d 1123, 1130 (Pa.Super.2012).

"When determining the lawful maximum allowable on a split sentence, the time originally imposed cannot exceed the statutory maximum," i.e., the maximum term of incarceration plus the maximum term of probation cannot exceed the statutory maximum. *Commonwealth v. Crump*, 995 A.2d 1280, 1283-84 (Pa.2010). The Pennsylvania Rules of Criminal Procedure provide:

> When more than one sentence is imposed at the same time on a defendant, or when a sentence is imposed on a

---

[6] Appellant claims that "[e]ven though the sentences may be concurrent with one another (since the effective dates are the same and there is no express indication that the sentences run consecutive), concurrent sentences are considered cumulative for" constitutional purposes. Appellant's Brief at 7 (internal citation omitted). The Commonwealth maintains a term of probation cannot be imposed concurrently to a term of incarceration and, therefore, the sentence is improper. Appellee's Brief at 14-15.

defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively. If the sentence is to run concurrently, the sentence shall commence from the date of imposition unless otherwise ordered by the judge.

Pa.R.Crim.P. 705. No rule permits a trial court to order the probation and incarceration imposed as a split sentence for one count to run concurrent to each other.[7]

Appellant was sentenced for indecent assault (person less than 13 years of age), a third-degree felony. 18 Pa.C.S. § 3126(b)(3). The maximum penalty for a third-degree felony conviction is 7 years. 18 Pa.C.S. § 1103(3). The trial court sentenced Appellant to 18-to-60 months' imprisonment and 5 years' probation at the indecent assault count. Therefore, the maximum sentence imposed at the indecent assault count is 10 years, which exceeds the maximum allowed for the crime. 18 Pa.C.S. § 1103(3). Accordingly, the sentence is illegal.

We will vacate the sentence imposed at the indecent assault count. Further, we will remand for resentencing, as this determination disrupts the trial court's sentencing scheme. **See Commonwealth v. Williams**, 871

---

[7] Further, this Court has stated that "we find no support in the Pennsylvania statutes that the General Assembly intended to permit defendants to serve a term of probation and a term of state incarceration simultaneously." **Commonwealth v. Allshouse**, 33 A.3d 31, 36 (Pa.Super.2011). In **Allhouse**, the appellant argued his probation for a sentence imposed in Clearfield County began immediately following his term of incarceration, even though he remained incarcerated in a state correctional facility on a sentence imposed on an unrelated matter in Jefferson County. **Id.** at 33, 35-26.

A.2d 254 (Pa.Super.2005) (re-sentencing required where order from Superior Court disrupts sentencing scheme).

Judgment of sentence vacated. Case remanded to the trial court for re-sentencing. Jurisdiction relinquished.

President Judge Gantman joins in the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2015