J-S62010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE WHITE | : | |
| | : | |
| Appellant | : | No. 1990 EDA 2015 |

Appeal from the Judgment of Sentence June 1, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013705-2012

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:               **FILED NOVEMBER 21, 2018**

Bruce White appeals from his judgment of sentence, entered in the Court of Common Pleas in Philadelphia County, following the revocation of his probation. White challenges the sufficiency of the evidence supporting the court's finding that he violated his probation. After careful review, we affirm.

The facts and procedural history are as follows: On October 16, 2012, White was arrested in Philadelphia for retail theft.[1] On January 8, 2014, he entered an open guilty plea. The trial court sentenced White to time served to 23 months' incarceration with immediate parole, followed by two years of reporting probation. The trial court ordered White to undergo random drug testing "to make sure [he] stay[s] clean and [is] on the right path." N.T.

---

[1] 18 Pa.C.S.A. § 3929(A)(1).

Guilty Plea/Sentencing Hearing, 1/8/14, at 15. The trial court explained that reporting probation meant that once White was paroled, he would report to his probation officer to get drug screens. *Id.* at 15-16.

White was charged and arrested for five summary offenses that occurred on July 14, 2014, October 1, 2014, and October 16, 2014.[2] The trial court held violation of probation hearings on September 3, 2014 and November 20, 2014, after both of which the court continued White's probation. At the second probation hearing on November 20, 2014, the trial court warned White, "this type of behavior must stop."[3] *Gagnon II*[4] Summary, 5/19/15, at 3. On June 1, 2015, at a third violation of probation hearing, the Commonwealth presented a *Gagnon II* Summary, prepared on May 19, 2015 by White's Probation Officer Michael Mastalski. As indicated in the summary, White had a positive drug screen for THC on July 10, 2014 as well as 35 prior arrests and

---

[2] On July 14, 2014, White was arrested and charged for smoking and drinking in restricted areas in violation of Philadelphia Code § 10-602 Smoking (2006) and Philadelphia Code § 10-604 Alcoholic Beverages (2007). He was found guilty of these offenses on November 21, 2014. On July 14, 2014, White was arrested and charged for alcoholic beverages restricted. He was found guilty on December 5, 2014. On October 1, 2014, White was arrested and charged with drinking restricted. He was found guilty on October 27, 2014. On October 16, 2014, White was arrested and charged for alcoholic beverages restricted. He was found guilty of that charge on November 21, 2014.

[3] The type of behavior included "summary offenses he was incurring as his overall negative attitude toward the criminal justice system, the courts, and [the probation officer]." *Gagnon II* summary, 5/19/15 at 3.

[4] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

15 prior conviction. ***Gagnon II*** Summary, 5/19/15. Moreover, the ***Gagnon II*** summary indicates that on May 12, 2015, the Adult Probation and Parole Department "conducted a monthly audit," which revealed that White had been arrested on May 4, 2015 for failure to appear.[5]

Further investigation revealed that White was arrested for five additional summary offenses, none of which he reported. These offenses were as follows: public urination on January 3, 2015; alcoholic beverages on April 2, 2015; alcoholic beverages on April 2, 2015; alcoholic beverages on April 2, 2015; and drinking restricted on April 22, 2015. These arrests formed the basis of the revocation of probation, which is the subject of this appeal. The report stated that "White has continued to repeat the same offenses over and over, even after being warned numerous times to cease his behavior. This reflects poorly on the neighborhood and [is] at the very least a nuisance to the community." ***Gagnon II*** Summary, 5/18/15, at 3. Subsequently, the court revoked White's probation and re-sentenced him to 10 months' incarceration.

---

[5] Neither the Commonwealth nor White has clarified in their briefs what White failed to appear for that resulted in his arrest. Additionally, after our review of the record, we are unable to determine this.

On June 29, 2015, White filed a timely notice of appeal. Both White and the trial court have complied with Pa.R.A.P. 1925, although not before various procedural issues and delays.[6] White raises the following issue for our review:

_____

[6] On July 10, 2015, the trial court directed White to file a Rule 1925(b) concise statement of errors complained of on appeal within 21 days. Counsel filed a "preliminary" Rule 1925(b) statement on July 29, 2015, but did not identify any issues because counsel had not yet received the notes of testimony from the June 1, 2015 probation hearing. On the same day, counsel filed a request for an extension of time to file a Rule 1925(b) statement upon receipt of the notes of testimony, which was granted by the trial court. The trial court informed counsel on June 15, 2016, that the notes of testimony had become available. That same day, counsel filed a statement pursuant to Rule 1925(c)(4) asserting his intent to file a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 97 A.2d 349 (Pa. 2009), because there were no non-frivolous issues preserved for appeal. The trial court directed White to file his **Anders** brief before September 30, 2016. On September 20, 2016, White's counsel filed a petition requesting this Court to vacate the briefing schedule, explaining that:

> [I]n preparing the Anders brief, counsel cannot now allege in good conscience after reviewing the notes of testimony that Mr. White does not have any non-frivolous issues to raise on appeal. If permitted by [the trial] [c]ourt, counsel intends to argue that the evidence was insufficient to prove that Mr. White's conduct supported revocation.

Petition to Vacate Briefing Schedule, 9/20/16, at 2.

On October 7, 2016, this Court granted White's petition, ordered counsel to file a Rule 1925(b) concise statement of errors complained on appeal within 21 days of the order, and directed the trial court to file a supplemental opinion pursuant to Pa.R.A.P. 1925(a) within 30 days of receiving counsel's Rule 1925(b) statement. Order, 10/7/16. The trial court filed a supplemental opinion on November 9, 2016 stating that White never filed a Rule 1925(b) statement and, therefore, waived any issues for appeal. On December 2, 2016, White filed another petition for remand asserting that his "[c]ounsel never received the Order, and was unaware that this Court had acted upon [White's] petition until the trial court filed a supplemental opinion on

Was not the evidence insufficient to prove that [White] violated his probation where the only evidence before the [trial] court was a *Gagnon II* summary report which listed five summary offenses that were mere arrests?

The standard of review for a challenge to the sufficiency of the evidence

for a technical probation violation is as follows:

Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation. The reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated. A probation violation is established *whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct*.

*Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014) (internal

citations omitted) (emphasis added).

Here, the Commonwealth has met its burden to prove that White's

conduct violated the terms of his probation. As the trial court pointed out, the

---

November 9, 2016." Petition to Vacate Briefing Schedule, 12/2/16. This Court granted White's petition on December 21, 2016. The trial court filed a Rule 1925(a) opinion on June 16, 2016, and a supplemental Rule 1925(a) opinion on June 27, 2016. On January 10, 2017, White filed a Rule 1925(b) statement of errors complained of on appeal, and the court filed its opinion on September 14, 2017. Inexplicably, the trial court refiled the same opinion on January 31, 2018.

evidence presented at the probation revocation hearing established that "probation had proven ineffective at rehabilitating [White] and deterring him from antisocial behavior." Trial Court Opinion, 1/31/18, at 3.

First, we note that "do not commit another crime" is an implied condition of probation. *Commonwealth v. Vilsaint*, 893 A.2d 753, 757 n.5 (Pa. Super. 2006); *Commonwealth v. Allshouse*, 33 A.3d 31, 37 (Pa. Super. 2011); *see also Commonwealth v. Infante*, 888 A.2d 783, 790 (Pa. 2005) (stating that "Superior Court has recognized on numerous occasions that, 'an implied condition of any sentence of probation is that the defendant will not commit a further offense.'"). While the offenses subject to this appeal were "mere arrests" at the time of his third probation hearing, White was found guilty of violating various city ordinances, pursuant to 234 Pa. Code Rule 1002,[7] which included: smoking in a prohibited area[8] and drinking restricted[9] on November 21, 2014; alcoholic beverages[10] on December 5, 2014; and alcoholic beverages[11] on November 21, 2014—between his second and third probation hearings. Thus, even though mere arrests may not be sufficient to support

---

[7] Procedure in Summary Cases.

[8] Philadelphia Code § 10-602 Smoking (2006).

[9] Philadelphia Code § 10-604 Alcoholic Beverages (2007).

[10] *Id.*

[11] *Id.*

revocation of probation, White was found guilty of crimes before his third probation hearing and thus violated an implied condition of probation. Additionally, White stated that he had "an opened can of beverage and all of that" and thus admitted that he violated a city ordinance for at least one of the crimes charged. N.T., Violation of Probation Hearing, 6/1/15, at 5.

It is clear from the record that probation has not been an effective rehabilitative tool for deterring White from antisocial conduct. *Colon*, *supra.* White was convicted of four crimes, failed a drug test, and was arrested for five more crimes during his probation period. Additionally, as evidenced by White's lengthy criminal history prior and subsequent to the third probation revocation hearing, White has not been deterred from committing crimes. *Colon*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/18