**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GARRETT WILLIAM LUCAS | : | |
| | : | |
| Appellant | : | No. 92 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001672-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GARRETT WILLIAM LUCAS | : | |
| | : | |
| Appellant | : | No. 93 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0014400-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GARRETT WILLIAM LUCAS | : | |
| | : | |
| Appellant | : | No. 94 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001167-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| --- | --- | --- |
| v. | : |  |
|  | : |  |
|  | : |  |
| GARRETT WILLIAM LUCAS | : |  |
|  | : |  |
| Appellant | : | No. 95 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001457-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
|  | : | PENNSYLVANIA |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| GARRETT LUCAS | : |  |
|  | : |  |
| Appellant | : | No. 96 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001168-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| GARRETT WILLIAM LUCAS | : |  |
|  | : |  |
| Appellant | : | No. 97 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002432-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |

GARRETT LUCAS                        :
                                     :
          Appellant                  :    No. 98 WDA 2020

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002467-2013

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
          v.                    :
                                :
                                :
                                :
GARRETT WILLIAM LUCAS           :
                                :
          Appellant             :    No. 99 WDA 2020

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0010861-2017

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
          v.                    :
                                :
                                :
                                :
GARRETT LUCAS                   :
                                :
          Appellant             :    No. 100 WDA 2020

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013632-2018

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
          v.                    :
                                :
                                :
                                :
GARRETT WILLIAM LUCAS           :
                                :
          Appellant             :    No. 101 WDA 2020

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001670-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARRETT LUCAS | : | |
| | : | |
| Appellant | : | No. 102 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001471-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARRETT WILLIAM LUCAS | : | |
| | : | |
| Appellant | : | No. 103 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001623-2013

BEFORE:  McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: AUGUST 13, 2021**

Garrett William Lucas appeals from the judgment of sentence imposed following the revocation of his probation. He claims that the court lacked jurisdiction to revoke his sentence and impose a new sentence at several

- 4 -

counts, which he argues had reached their maximum dates and expired. We affirm on the basis of the trial court opinion.

Lucas pleaded guilty in 2013 in ten cases to various burglary, theft, and conspiracy charges. The court imposed an aggregate sentence of two and a half to five years of incarceration, followed by nine years of probation.[1]

---

[1] The original sentence for each case at each count was as follows.

2432-2013
Count 1 – burglary – 3-6 months' incarceration + 3 years' probation
Count 2 – burglary – 3 years' probation
Count 5 – burglary – 3-6 months' incarceration + 3 years' probation
Count 8 – burglary – 3-6 months' incarceration + 3 years' probation
1672-2013
Count 1 – burglary – 3-6 months' incarceration
Count 2 – conspiracy – 3 years' probation
Count 3 – burglary – 3-6 months' incarceration
Count 4 – conspiracy – 3 years' probation
14400-2012
Count 1 – theft – 2 years' probation
1167-2013
Count 1 – burglary – 3-6 months' incarceration
Count 2 – conspiracy – 3 years' probation
1457-2013
Count 1 – burglary – 3-6 months' incarceration (concurrent with 2432 Ct.1)
1168-2013
Count 1 – burglary – 3-6 months' incarceration
Count 4 – conspiracy – 3 years' probation
2467-2013
Count 1 – theft – 2 years' probation
1670-2013
Count 1 – burglary – 3-6 months' incarceration
1471-2013
Count 1 – theft – 2 years' probation
Count 2 – theft – 2 years' probation
Count 3 – theft – 2 years' probation
1623-2013
*(Footnote Continued Next Page)*

Lucas later pled guilty on March 12, 2018, to resisting arrest. The court sentenced him to two years of probation, "to commence upon release from all confinement." Order of Sentence, filed 3/12/18.

He then entered a guilty plea to new charges. It is this plea that formed the basis of the probation revocation at issue in this appeal. He pleaded guilty in April 2019 to one count of escape, and the court sentenced him on December 18, 2019, to three to six months of incarceration with one year of consecutive probation. The same day, the court found him in violation of his probation based on his new convictions and imposed an aggregate violation sentence of 62 to 124 months' incarceration followed by 9 years' probation.[2]

Count 1 – burglary – 3-6 months' incarceration
Count 2 – burglary – 3-6 months' incarceration
Count 3 – conspiracy – 3 years' probation

The court imposed each incarceration consecutively (except as noted) for an aggregate sentence of 2 ½ to 5 years. It imposed three probation counts consecutively, 2432-2013 Count 1, 1672-2013 Count 2, and 1457-2013 Count 1, and the remainder concurrent resulting in nine years of probation.

[2] Specifically, the resentence imposed for each case at each count was as follows.

2432-2013
Count 1 – burglary – 10-20 months' incarceration + 3 years' probation
Count 2 – burglary – 3 years' probation
Count 5 – burglary – 3 years' probation
Count 8 – burglary – 3 years' probation
1672-2013
Count 1 – burglary - EXPIRED
Count 2 – conspiracy – 10-20 months' incarceration + 3 years' probation
Count 3 – burglary - EXPIRED
Count 4 – conspiracy – 10-20 months' incarceration + 3 years' probation
*(Footnote Continued Next Page)*

- 6 -

*See* N.T. Sentencing, 12/18/19, at 17-26. Lucas filed a post-sentence motion to reconsider sentence, which the trial court denied. This timely appeal followed.

Lucas raises two questions on appeal.

I. Whether the trial court lacked jurisdiction to revoke Mr. Lucas's sentences and impose new sentences at the following counts, which had already expired:

---

14400-2012
Count 1 – theft – 3 years' probation
1167-2013
Count 1 – burglary – EXPIRED
Count 2 – conspiracy – 10-20 months' incarceration + 3 years' probation
1457-2013
Count 1 – burglary – 1-2 years' incarceration + 3 years' probation
1168-2013
Count 1 – burglary – EXPIRED
Count 4 – conspiracy – 3 years' probation
2467-2013
Count 1 – theft – 3 years' probation
1670-2013
Count 1 – burglary - EXPIRED
1471-2013
Count 1 – theft – 3 years' probation
Count 2 – theft – 3 years' probation
Count 3 – theft – 3 years' probation
1623-2013
Count 1 – burglary – EXPIRED
Count 2 – burglary – EXPIRED
Count 3 – conspiracy – 10-20 months' incarceration + 3 years' probation
10861-2017
Count 3 – resisting arrest – 3-6 months' incarceration

The court again imposed the sentence so that periods of incarceration ran consecutively. It imposed probation consecutive to the incarceration in a combination of concurrent and consecutive sentences resulting in an aggregate 9-year probationary term. *See* N.T. Sentencing 12/18/19, at 17-25.

CC 2012-14400 Count 1: Theft (M1);
CC 2013-1167 Count 1: Burglary (F1);
CC 2013-1168 Count 1: Burglary (F1);
CC 2013-1471 Count 1: Theft (M1);
CC 2013-1471 Count 2: Theft (M1);
CC 2013-1471 Count 3: Theft (F3);
CC 2013-1623 Count 1: Burglary (F1);
CC 2013-1623 Count 2: Burglary (F1);
CC 2013-1670 Count 1: Burglary (F1);
CC 2013-1672 Count 1: Burglary (F1);
CC 2013-1672 Count 3: Burglary (F1);
CC 2013-2432 Count 1: Burglary (F1);
CC 2013-2432 Count 2: Burglary (F2);
CC 2013-2432 Count 5: Burglary (F1);
CC 2013-2432 Count 8: Burglary (F1); and
CC 2013-2467 Count 1: Theft (M1)?

II. Whether this Honorable Court should remand to determine if the trial court retained jurisdiction to revoke and impose a new sentence on Mr. Lucas at CC 2013-1168 Count 4, based on the undefined nature of the sentencing scheme?

Lucas's Br. at 28.

Lucas challenges the legality of his violation sentence. Although he did not make such a claim in his post sentence motion, it is unwaivable. ***See***

***Commonwealth v. Smith***, 210 A.3d 1050, 1062 (Pa.Super. 2019), *appeal denied*, 218 A.3d 1199 (Pa. 2019). "We review the legality of a sentence *de novo* standard. Our scope of review is plenary." ***Id.*** (citations omitted).

In his first issue, Lucas contends that the trial court improperly reimposed sentence on several counts over which it did not have jurisdiction. He claims that the trial court lacked jurisdiction because the relevant probationary sentences expired "before his revocation violation occurred." Lucas's Br. at 47. Lucas argues that the trial court did not have jurisdiction to

- 8 -

reimpose sentence on those counts without an original probationary term.[3] Lucas also contends that the probationary term on certain counts had started during his incarceration, and therefore had expired at the time of his violation.[4] He claims that his "probationary terms followed his incarceration at Count 8 of CC 2013-2432" and began on March 17, 2015; therefore "all 2-and 3- year terms of probation following directly from the incarceration at Count 8 of CC 2013-2432 expired well before [his] violation in October 2018." Lucas's Br. at 49-50 (footnote omitted).

With respect to the counts which did not originally have a probationary tail, our review of the record supports the trial court's determination that "each of these counts had lapsed by the time of the resentencing and [the trial c]ourt took no action at these counts in the resentencing hearing." Trial Ct. Op. at 3.[5] The court continued its discussion as follows:

> Next, at the remaining counts at issue, the sentences had not lapsed. At CC 1471-2013 Count 2 (Theft), [CC 1471-2013 Count 1 (Theft),] . . . CC 14400-2012 Count 1 (Theft), CC 1471-2013 Count 3 (Theft), CC 2432-2013 Counts 1, 2, 5 and 8 (Burglaries), CC 2467-2013 Count 1 (Theft), and CC 1168-2013 Count 4, [Lucas] was serving his probationary sentences at the time of the violation hearing. This [c]ourt had sentenced [Lucas] on January 24, 2014, to a probationary sentence at each of these counts to follow an aggregate sentence of 2[1/2] to [5] years of

---

[3] He refers to 1167-2013 Count 1; 1168-2013 Count 1; 1670-2013 Count 1; 1623-2013 Counts 1 and 2; and 1672-2013 Counts 1 and 3.

[4] Here, Lucas refers to 14400-2012 Count 1; 1471-2013 Counts 1, 2, and 3; 2432-2013 Counts 1, 2, 5, and 8; and 2467-2013 Count 1.

[5] Lucas concedes that no sentence was imposed. **See** Lucas's Br. at 50-51.

incarceration. (Transcript of Sentencing Hearing, Jan. 24, 2014, at 7-14). Since [Lucas] was on probation at each of these counts the sentences had not lapsed at the time of the violation hearing, and this [c]ourt did not err in revoking and reimposing its sentences.

*Id.* at 4.

This issue lacks merit. Pennsylvania law does not permit "defendants to serve a term of probation and a term of state incarceration simultaneously." ***Commonwealth v. Allshouse***, 33 A.3d 31, 36 (Pa.Super. 2011) (rejecting claim that defendant "constructively served" probation while incarcerated on another county's sentence).[6] Rather, a defendant must complete all prison sentences before beginning to serve a probation sentence. ***See id.*** at 35-36.

Accordingly, given Lucas's two and a half to five years of incarceration, the two- and three-year probationary terms had not yet expired at the time of his October 5, 2018 violation. A further review of the sentencing orders reveals that the court imposed a resentence only at those counts where Lucas had been and was still serving his probationary sentence. Therefore, Lucas's claim that he was illegally sentenced to incarceration for a violation of an expired probation sentence is meritless.

In his second claim, Lucas argues that this Court should remand to the trial court to correct an alleged error in the court's original January 24, 2014 sentencing order. ***See*** Lucas's Br. at 52. He points out that the order

---

[6] ***See also Commonwealth v. Brown***, 145 A.3d 184 (Pa.Super. 2016) (applying ***Allshouse*** to hold defendant's state probation began only after he was released from federal custody, not when his state term of incarceration ended and his federal custody began).

mandated that Count 4 at Case 1168-2013 should be consecutive to confinement at Count 1 of that case and also concurrent with the probation at Count 8 of Case 2432-2013. ***See id.*** He claims that the starting date of his probation on Case 1168-2013 is therefore "undefined" because those other sentences began at different times. ***Id.*** at 52.

This issue is meritless. Lucas is correct that the underlying sentencing order at Case 1168-2013 states that the probation was concurrent with the probation sentence in one case and consecutive to confinement in another. However, he is not correct the start date of the probation was "undefined." As discussed above, probation can only be served following completion of all sentences of confinement. Thus the start date of his probation was clear. ***See Allshouse***, 33 A.3d at 36. We affirm the judgment of sentence based on the opinion of the Hon. Jill E. Rangos.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2021