J-A17021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| ROBERT WILLIAMS | : | |
| Appellant | : | No. 730 EDA 2016 |

Appeal from the Judgment of Sentence February 17, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011614-2007

BEFORE: GANTMAN, P.J., RANSOM, J. and PLATT, J.*

MEMORANDUM BY RANSOM, J.: **FILED SEPTEMBER 08, 2017**

Appellant, Robert Williams, appeals from the judgment of sentence of six to twelve months of county incarceration plus six years of reporting probation, entered on February 17, 2016, following the revocation of his probation for technical violations. We affirm.

On August 28, 2008, Appellant was found guilty of possession with intent to deliver a controlled substance, intentional possession of a controlled substance, carrying a firearm without a license, carrying a firearm in public in Philadelphia, possession of an instrument of crime, possession of a loaded weapon, and simple assault.[1] The trial court sentenced Appellant to an aggregate of eleven and one-half to twenty-three months of county

_____

[1] **See** 35 P.S. §§ 780-113(a)(30), 780-113 (a)(16); 18 Pa.C.S. §§ 6106(1), 6108, 907(a), 6106.1(a), and 2701(a), respectively.

* Retired Senior Judge assigned to the Superior Court.

incarceration, plus seven years reporting probation. In June 2009, Appellant was released from prison and paroled to house arrest with electronic monitoring and additional restrictions.[2] On December 15, 2009, the house arrest order was vacated by the court and probation continued.

Between 2010 and 2014, Appellant appeared before the court for a number of technical violations. During this time, Appellant's probation was revoked in July 2014; he was sentenced to an aggregate term of three to six months of county incarceration followed by five years of reporting probation. In December 2014, Appellant was granted early parole and released from county jail.

In December 2015, Appellant again appeared before the trial court for technical violations of probation. Specifically, the trial court expressed concern that Appellant was not following probation reporting requirements or travel restriction requirements and that he submitted a sample of cold water for a urinalysis. *See* Trial Court Opinion (TCO), 9/19/16, at 16. In February 2016, the court revoked Appellant's probation and sentenced him to six to twelve months of county incarceration followed by six months of reporting probation.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The court issued a responsive opinion.

_____

[2] Appellant was given permission to work but ordered to earn his GED and undergo drug treatment.

Appellant presents the following questions for our review:

1. Whether the trial court committed legal error and abused its discretion in the procedures utilized in sentencing Appellant, including in imposing a six-year term of probation, when Mr. Williams' prior record, time already served, and the nature of the underlying offense are considered?

2. Whether the trial court committed legal error and abused its discretion when it determined that Appellant committed a technical violation of his probation despite testimony that the lab technician did not follow the standard procedures of the adult parole department by refusing to test Appellant's urine specimen, throwing that specimen in the trash can, and refusing to permit Appellant to give a second sample despite Appellant's request to do so?

Appellant's Brief at 6.[3]

This Court's standard of review regarding an appeal from a sentence imposed following the revocation of probation is as follows:

[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing.

**Commonwealth v. Perreault**, 930 A.2d 553 (Pa. Super. 2007)(internal citation omitted).

Appellant first claims that the court committed legal error and abused its discretion in imposing a sentence that was manifestly excessive. **See** Appellant's Brief at 21-22.

---

[3] Appellant's brief does not address his issues in the order they are listed in the Statement of Questions. We will address them in the order listed.

Appellant challenges the discretionary aspects of his sentence, a challenge which does not entitle him to review as of right. **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011). Prior to addressing a discretionary challenge, this Court engages in a four-part analysis: 1) whether the appeal is timely; 2) whether Appellant preserved his issue; 3) whether Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and 4) whether that statement raises a substantial question that the sentence is inappropriate under the sentencing code. **See Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013); **see also** Pa.R.A.P. 2119(f).

Although Appellant timely filed a notice of appeal, he did not preserve his claim at sentencing or in a timely post-sentence motion. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005) (noting that issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the court during sentencing proceedings; absent these efforts the issue is waived). Accordingly, Appellant has waived his challenge to the discretionary aspects of his sentence. **Id.**

Next, Appellant purports to challenge the sufficiency of the evidence presented at the revocation hearing. First, he claims that the evidence was insufficient to support his revocation because Appellant's submission of cold water as a urinalysis sample was not "willful conduct" amounting to a probation violation. **See** Appellant's Brief at 28-29. Second, he claims that

there was no evidence for ten of the eleven travel violations. *See* Appellant's Brief at 25.

When reviewing a sufficiency challenge to revocation, we examine whether, when viewed in the light most favorable to the Commonwealth, the evidence and its inferences supported revoking probation. *See* ***Commonwealth v. Colon***, 102 A.3d 1033, 1041 (Pa. Super. 2014). Revocation of probation will be upheld where the Commonwealth proved by a preponderance of evidence that a defendant violated his probation. *See* ***Commonwealth v. Allshouse***, 33 A.3d 31, 37 (Pa. Super. 2011). Willfulness of conduct is not a requirement for probation revocation; a court may revoke upon proof of violation of specified conditions of probation. *See* 42 Pa. C.S. 9771(b).

Appellant was required to submit a urine sample for a mandatory drug screen as a term of his probation. TCO at 17. Appellant admitted to submitting a false sample for the urinalysis in violation of his terms of probation. *See* N.T., 12/10/15, at 49. This admission alone is sufficient to find a violation of probation. Accordingly, Appellant's claim fails.

Finally, Appellant's 1925(b) statement does not raise the issue of the sufficiency of the evidence regarding the other ten violations. Thus, he has waived this claim for purposes of appeal. *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005); *see also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provision of this paragraph (b)(4) are waived."). The evidence was sufficient

to support the revocation of probation, and Appellant is not entitled to relief.

*Colon*, 102 A.3d at 1041.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/8/2017