J-S32015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALEX SCOTT SIMPSON | : | |
| | : | |
| Appellant | : | No. 589 WDA 2021 |

Appeal from the PCRA Order Entered April 5, 2021
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000021-2013,
CP-33-CR-0000153-2013

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:          **FILED: December 3, 2021**

Alex Scott Simpson, appeals,[1] *pro se*, from the order,[2] entered in the

Court of Common Pleas of Jefferson County, dismissing his petition filed

---

[1] On May 6, 2021, Simpson, *pro se*, filed a single notice of appeal listing two docket numbers, in violation of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (where single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case); **see also** Pa.R.A.P. 341(a). Nevertheless, we may overlook the requirements of **Walker** where a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights. **See Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) (en banc) (overlooking **Walker** requirements due to court breakdown where PCRA court's order informed appellant that he had thirty days from date of order to file "**an appeal,**" which misled appellant by suggesting one notice of appeal was sufficient) (emphasis added). Here, the court's April 5, 2021, order informed Simpson that "you have a right to appeal . . . **by filing a [n]otice of [a]ppeal** with the Jefferson County Clerk of Courts within thirty (30) days[.]" Order, 4/5/21 (emphasis added). Thus, we conclude that a breakdown in court operations has occurred since Simpson was misled regarding the sufficiency of filing one notice of appeal for both dockets. **See Larkin**, **supra**. Consequently, we will proceed to address the merits of Simpson's appeal.

[2] Simpson's notice of appeal purported to appeal from the trial court's April 5, 2021 order dismissing his PCRA petition. From our review of the record, we discern that the trial court filed two orders that day—notice of its intent to dismiss Simpson's petition, **see** Order, Notice to Defendant Re: Dismissal of Post Conviction Pleadings, 4/5/21, pursuant to Pa.R.Crim.P. 907, ("**you** . . . **are hereby notified** that your [p]ost [c]onviction [p]leadings . . . shall be dismissed (20) days **from the date of this [n]otice**/[o]rder") (emphasis added), and an order dismissing the petition. **See** Order, Order of Court, 4/5/21 ("**This order is a final order**[,] accordingly[,] you have a right to appeal to the Pennsylvania Superior Court by filing a Notice of Appeal with the Jefferson County Clerk of Courts within thirty (30) days after the entry of the within order dismissing your Post Conviction Pleadings and other filings. See: PA R.CR.P. No. 907.") (emphasis added). Because the second order, itself, purports to be final, we will treat the order as dismissing Simpson's petition, rather than providing Rule 907 notice thereof. Consequently, we must address the timeliness of Simpson's notice of appeal. We conclude that Simpson's May 6, 2021 notice of appeal was timely filed because he delivered the document to prison authorities on May 2, 2021. **See Commonwealth v.**
*(Footnote Continued Next Page)*

pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and granting counsel's petition to withdraw. After our careful review, we affirm.

A panel of this Court previously set forth the facts and procedural history of this case as follows:

> In 2013, at docket number CP-33-CR-000153-2013 ("Docket 153"), Simpson pled guilty to one count of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1). The trial court sentenced him to three to six years' imprisonment, followed by three years' probation. On that same date, [Simpson] pled guilty at docket number CP-33-CR-000021-2013 ("Docket 21"), to aggravated assault, 18 Pa.C.S.A. § 2702(a)(3). The court sentenced [Simpson] to one to six years' imprisonment followed by four years' probation, concurrent to the sentence imposed at Docket 153.
>
> In September 2019, the court held a probation revocation hearing, where Simpson waived his right to the **_Gagnon I_** hearing, and the

---

**_Patterson_**, 931 A.2d 710, 714 (Pa. Super. 2007) ("Pursuant to the prisoner mailbox rule, [the courts] deem a document filed on the day it is placed in the hands of prison authorities for mailing."); Pa.R.A.P. 121(f).

Although the court simultaneously issued the Rule 907 notice and dismissed Simpson's PCRA petition on the same day, we are satisfied that Simpson did not suffer any prejudice because the court permitted Simpson to respond, _pro se_, to each of its orders. **_See Commonwealth v. Vo_**, 235 A.3d 365, 372 (Pa. Super. 2020) (Rule 907 response is opportunity for petitioner to object to dismissal and alert PCRA court of perceived error, permitting court to discern potential for amendment to petition). Indeed, Simpson responded to the April 5, 2021 orders on April 26, 2021. The court issued a second order dismissing Simpson's petition on May 12, 2021, which Simpson also responded to _pro se_. Insofar as the May 12, 2021 order might serve as the final order, which would cause Simpson's appeal to arise from a non-final order, we note that we may treat Simpson's appeal as timely filed on May 12, 2021. **_See_** Pa.R.A.P. 905(a)(5) ("[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

court took judicial notice of new convictions from Franklin County for theft of services and possession of drug paraphernalia. At the **Gagnon II** hearing, counsel stated that he reviewed the pre-sentence investigation report ("PSI") with Simpson. N.T. [**Gagnon II** Hearing], 9/27/19, at 2. The PSI included a list of the probation violations, including the new convictions, for which [Simpson] received probation sentences, and that Simpson failed to report for probation intake, he engaged in threatening and overt behavior, and he failed to make payments since his release. PSI, [] Sept. 2019, at 1-3. The PSI further stated that the first new offense occurred 41 days after Simpson's release from prison and the second offense occurred "82 days later." **Id.** at 3. []

At Docket 153, the court [re]sentenced Simpson to ten to [twenty] years' imprisonment. At Docket 21, the court imposed a concurrent sentence of five to ten years' imprisonment[, for an aggregate term of ten to twenty years]. Simpson received credit for all time spent incarcerated on the convictions.

**Commonwealth v. Simpson**, 1675 WDA 2019, 1676 WDA 2019, at *2-*3 (Pa. Super. filed Nov. 6, 2020) (unpublished memorandum decision).

This Court affirmed Simpson's revocation of probation and new judgment of sentence, and further concluded that: (1) Simpson's discretionary aspects of sentencing claim did not raise a substantial question, **id.** at *7, and, even if it did raise one, that the claim was meritless, **id.** at *7-*8; (2) Simpson's claim that he never signed a document acknowledging the conditions of probation and was never instructed to report to the probation department was waived for failure to raise it in the trial court, **id.** at *10; and, (3) this Court could not review Simpson's claim that counsel "did not speak with him, and ignored his letters, [because that argument] raises a counsel ineffectiveness claim, which . . . cannot be raised on direct appeal." **Id.**

- 4 -

Simpson filed a *pro se* PCRA petition on February 19, 2021,[3] alleging a violation of the United States and Pennsylvania Constitutions, as well as ineffective assistance of counsel insofar as Mark Wallisch, Esquire, Simpson's revocation counsel, failed to investigate and assert Simpson's claim that Simpson was never informed of the terms of his probation prior to the court finding him to have violated its terms, revoking his probation, and resentencing him. *Pro Se* PCRA Petition, 2/19/21, at 3, 5-6. In his petition, Simpson cited to our prior decision in **Commonwealth v. Allshouse**, 33 A.3d 31 (Pa. Super. 2011), for the proposition that "[an] Appellant's written acknowledgment of the terms and conditions of his probation . . . is an obvious, implied condition of his probation." **Id.** at 38; *Pro Se* PCRA Petition, 2/19/21, at 8. Essentially, Simpson argues that the court erred insofar as it revoked his probation and resentenced him based on probation terms that were unknown to Simpson.

On February 26, 2021, the court appointed George N. Daghir, Esquire, as PCRA counsel. On March 26, 2021, Attorney Daghir sent Simpson a no-merit letter concluding that the court had revoked Simpson's petition under the condition of probation to not commit any new crimes, and petitioned the

_____

[3] Simpson filed two *pro se* PCRA petitions on the same date. On February 22, 2021, Simpson, *pro se*, sent a letter, which was docketed on March 1, 2021, addressed to the county clerk of courts, for the purpose of informing the clerk that there was a "mistake with two different PCRAs," and "the one that I want to be filed is the one that was sent certified mail and has [two exhibits]." *Pro Se* Letter, 2/22/21.

court to permit him to withdraw pursuant to **Turner**/**Finley**.[4]  As noted previously, the PCRA court filed two orders on April 5, 2021, **see supra,** at n.2; the order of court that dismissed Simpson's petition also granted Attorney Daghir's petition to withdraw.  **See** Order of Court, 4/5/21.  On April 26, 2021, Simpson filed a response to the court's Rule 907 notice of its intent to dismiss his petition, identifying several issues he claimed were meritorious.  **See** Pa.R.Crim.P. 907(4); Response to the Court's Intention to Dismiss Petitioner's PCRA Petition, 4/26/21, at 1-4 (citing **Allshouse**, **supra**).  Simpson then filed a timely *pro se* notice of appeal from the court's April 5, 2021 order dismissing his petition.  **See supra**, at n.2.  The PCRA court ordered Simpson to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal and issued a Rule 1925(a) opinion concluding that Simpson's petition was wholly meritless.[5]  On June 14, 2021, Simpson filed his Rule 1925(b) statement, raising seven issues, including, revocation counsel was ineffective for failing to investigate and argue that:  (1) Simpson was never instructed to report to the county probation office upon his release from custody; (2) Simpson never

---

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) (established procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc) (same).

[5] We are cognizant that, generally, the trial court awaits appellant's filing of a Rule 1925(b) statement before filing its own Rule 1925(a) opinion.  Although the procedural posture of this case is somewhat unique, we are able to identify the claims Simpson wishes to raise on appeal because the court properly permitted Simpson to respond, *pro se*, to its various orders.  Simpson has not identified, and we do not discern, any prejudice suffered by him under these circumstances.  **See supra**, at n.2.

signed or acknowledged, in writing, the terms and conditions of his probation; and, (3) the PSI was erroneous insofar as it stated that Simpson violated specific terms of probation. **See** Rule 1925(b) Statement, 6/14/21, at 1-3. Additionally, Simpson raised claims of PCRA counsel's ineffectiveness insofar as PCRA counsel determined that Simpson's issues were meritless and filed a **Turner**/**Finley** letter in this matter instead of asserting Simpson's claims on his behalf.[6]  **Id.** at 3-4.  On June 18, 2021, the court issued another Rule 1925(a) opinion referring to Attorney Daghir's March 26, 2021 no-merit letter, and its prior May 12, 2021 opinion and order, to dispose of all of Simpson's issues on appeal.  On June 24, 2021, Simpson filed a "Supplemental Statement of Matters Complained of on Appeal," wherein he alleged errors in the trial court's prior opinions and stated that he had not yet received a copy of the sentencing transcripts.  **See** Supplemental Statement of Matters Complained of on Appeal, 6/24/21.  On June 28, 2021, the court denied Simpson's motion for disclosure of the requested transcripts and clarified for Simpson its prior revocation decision that, "the defendant's revocation was based solely on his new charges, not the technical violations he was alleged to have committed.  The [c]ourt does not contest, moreover, that [Simpson]

---

[6] The Supreme Court of Pennsylvania recently held "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Commonwealth v. Bradley**, 37 EAP 2020, at *53 (Pa. filed Oct. 20, 2021).

did not sign a copy of the Jefferson County Probation Office's standard terms and conditions."  Order of Court, 6/28/21.

On appeal, Simpson raises the following issues for our review:

1. Whether the court improperly revoked [Simpson]'s probation as a result of counsel's ineffective assistance for failing to investigate the error within the record . . .[,] for failing to object and argue that the [PSI] contained false and inaccurate information[,] and[] for failing to argue that[,] technically[, Simpson] did not violate the conditions of probation.

2. Whether counsel was ineffective for failing to raise a substantial question in the post-sentence motion and on appeal, when counsel failed to state why or what underlying circumstances rendered the sentence excessive, unreasonable, and inappropriate.  The question is, ["]Did [Simpson] violate the conditions of probation that he never acknowledged in writing or had any knowledge of[?"]

Appellant's Brief, at 4 (unnecessary capitalization omitted).[7]

In his first issue, Simpson alleges that Attorney Wallisch, Simpson's revocation counsel, was ineffective for failing to investigate, and assert at the probation revocation hearing, Simpson's claim that he was never made aware of the terms of his probation.

Under our standard of review for an appeal from the denial of PCRA relief, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error.  ***Commonwealth v. Washington***, 927 A.2d 586, 593 (Pa. 2007).  "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level."  ***Commonwealth v.***

_____

[7] The Commonwealth has not filed a brief in this case.

*Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). The PCRA court's credibility determinations are binding on the appellate courts when they are supported by the record. *Commonwealth v. Johnson*, 966 A.2d 523, 532, 539 (Pa. 2009). However, appellate courts apply a *de novo* standard of review to the PCRA court's legal conclusions. *Commonwealth v. Rios*, 920 A.2d 790, 810 (Pa. 2007).

Our Supreme Court has previously explained the eligibility requirements for relief under the PCRA:

> To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his or her conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S.[A.] § 9543(a)(2). . . . Furthermore, a petitioner must establish that the claims of error raised in the PCRA petition have not been previously litigated or waived and that "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic[,] or tactical decision by counsel." 42 Pa.C.S.[A.] §[§] 9543(a)(3) and (4); *Washington*, *supra* at 593. An issue has been waived "if the petitioner could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S.[A.] § 9544(b). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.[A.] § 9544(a)(2).

*Commonwealth v. Paddy*, 15 A.3d 431, 441-42 (Pa. 2011).

Here, we note that Simpson's PCRA petition is timely filed. *See* 42 Pa.C.S.A. § 9545(b) (jurisdictional timing provision requiring that any post-conviction petition be filed within one year of date judgment became final). Second, Simpson's petition has properly alleged his eligibility for relief under the PCRA, *see* 42 Pa.C.S.A. § 9543, insofar as his petition states that Simpson

is still serving a period of incarceration as a result of his revocation of probation, *id.* at § 9543(a)(1)(i), no reliable adjudication of Simpson's guilt could have taken place due to counsel's ineffective assistance, *id.* § 9543(a)(2)(ii), Simpson's allegation of error has not been previously litigated or waived, *id.* at § 9543(a)(3), and Simpson's failure to litigate the issue prior to or during trial, or on direct appeal was not the result of any rational, strategic, or tactical decision by counsel. *Id.* at § 9543(a)(4). Therefore, we may proceed to the merits of Simpson's claim of ineffective assistance of probation revocation counsel.

> In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). In order to succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate[:] (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). . . . Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

*Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016). *See also Strickland v. Washington*, 466 U.S. 668, 694 (1984).

In his first issue, Simpson relies on our Court's decision in *Allshouse*, *supra*, for the proposition that he was required to acknowledge the terms of his probation, in writing, prior to its commencement, and that the failure to do so amounted to a technical violation of probation. *Id.* at 38. Although we

agree that a probationer must acknowledge in writing **the specified terms of probation** prior to the court revoking probation **on those grounds**, we find **Allshouse** does not afford Simpson relief.

In **Allshouse**, the defendant probationer appeared for a violation of probation hearing wherein the court revoked probation on the bases that the probationer, *inter alia*, failed to sign and acknowledge the conditions of his probation, which was a condition not imposed by the trial court at sentencing, and that the probationer had threatened prison staff. On appeal, defendant argued that the probation department cannot impose conditions of probation that were not expressly ordered by the trial court. This Court agreed, but affirmed the defendant's revocation and judgment of sentence because the court revoked probation prior to its commencement pursuant to **Commonwealth v. Wendowski**, 420 A.2d 628, 630 (Pa. Super. 1980), *overruled by* **Commonwealth v. Simmons**, 2461 EDA 2018 (Pa. Super. filed Aug. 18, 2021) (en banc),[8] on the theory that the defendant was a danger to

_____

[8] In **Simmons**, this Court held that,

> **Wendowski** was incorrect in holding that a trial court may anticipatorily revoke an order of probation and in reasoning that "a term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted." **Wendowski**, 420 A.2d at 630 (quotations omitted). No statutory authority exists to support this understanding. Rather, the plain language of the relevant statutes provides that: a trial court may only revoke an order of probation "upon proof of the violation of specified conditions of the probation;" the "specified conditions" of an order of probation are attached to, or

*(Footnote Continued Next Page)*

society and, therefore, unworthy of probation since he had committed another crime while on probation. **Allshouse**, **supra** at 39. This Court found that a violation of an implied condition of probation, "such as, 'do not commit another crime,'" **Allshouse**, **supra** at 37 (quoting **Commonwealth v. Vilsaint**, 893 A.2d 753, 757 n.5 (Pa. Super. 2006)), may serve as the basis for anticipatory revocation.[9] **Id.** at 39 (citing **Wendowski**, **supra**). In describing implied conditions of probation, the **Allshouse** Court opined that:

> It seems obvious that, in order to comply with a trial court's order of probation, an appellant must acknowledge the terms with which he is ordered to comply. The purpose of probation is rehabilitation and reintroduction into society. Without acknowledgment of the limitations and requirements involved in this rehabilitation, a defendant cannot achieve success in this regard. To hold that Appellant should be released to probation after five years' incarceration and not require that he acknowledge in writing the terms of that probation is contrary to our system of justice. We hold, therefore, that Appellant's written acknowledgment of the terms and conditions of his probation, a sentence he was serving five years after it was first ordered, is an obvious, implied condition of his probation.

**Allshouse**, **supra** at 38.

We conclude that the foregoing analysis and holding in **Allshouse** applies to circumstances where the court revokes probation on account of a violation of specific, rather than generally implied, conditions of probation,

---

> are a part of, the order of probation; and, when the trial court imposes an "order of probation" consecutively to another term, the entirety of the "order of probation"—including the "specified conditions"—do not begin to commence until the prior term ends.

**Simmons**, **supra** at *21.

[9] Anticipatory revocation is no longer permitted. **Simmons**, **supra** at *21.

especially since the **Allshouse** Court affirmed the defendant probationer's revocation because he committed a new crime,[10] even though that probationer never acknowledged the terms of probation in writing.

Here, Simpson's claim of his lack of knowledge of the terms of his probation, or of any probation at all, is overstated. Our review of the record reveals that the court informed Simpson, at sentencing, that he would serve a four-year period of probation immediately and consecutively to his maximum six-year period of incarceration, which Simpson served in its entirety prior to his release. **See** N.T. Guilty Plea and Sentencing Hearing, 6/5/13, at 7. Therefore, Simpson was aware that he was serving a period of probation at the time that he committed the new crimes. **See also Simmons**, **supra** at *12 (citing **Commonwealth v. Foster**, 214 A.3d 1240, 1250 (Pa. 2019)) ("The trial court may[,] as a condition of its order[,] require the defendant to comply with certain, specific conditions of probation. 42 Pa.C.S.A. § 9754. Further, the Pennsylvania Supreme Court has held that a general condition of any order of probation is that the defendant lead a law-abiding life, *i.e.*, that the defendant refrain from committing another crime.") (internal quotation marks omitted). We note that the court informed Simpson, at sentencing, of the specific conditions of his probation, and that those

---

[10] Although the court may no longer revoke probation anticipatorily, **see Simmons**, **supra** at *21, Simpson committed his new crime **during** the four-year probationary period that commenced immediately upon his maximum release date. Therefore, anticipatory revocation is not at issue in Simpson's case.

specified conditions also appear in the sentencing order, *see* Sentencing Order, 6/5/13, and in the court commitment document filed by the county clerk, *see* Court Commitment, 6/6/13, at 2. Thus, we conclude that Simpson was aware of his probation, at least generally,[11] and violated the implied general condition of his probation—that he refrain from committing other crimes—while serving that period of probation. *See Foster*, *supra*; *see also Vilsaint*, *supra*. Additionally, we are satisfied that the due process concerns at issue in *Allshouse*, as they relate to a probationer's lack of knowledge of **the specified terms of probation**, do not apply to Simpson's case, where the court found Simpson violated a "general condition of any order of probation." *Foster*, *supra*.

Since we have already concluded that Simpson was aware that he was on probation as a result of the court's instruction and order at his sentencing hearing, and since the court determined that Simpson only violated the general condition that he not commit any new crimes, and did not determine that Simpson had violated any specific condition, we find Simpson's second issue on appeal is meritless.

Accordingly, Simpson has failed to establish that either of his claims has arguable merit. *See Fulton*, *supra*; *see also Daniels*, *supra*. Consequently, Simpson has not proven that counsel was ineffective. *See*

---

[11] We agree that there is no evidence that Simpson was aware of any of the specified terms of his probation, and that revocation based on any of those specified grounds would have been improper. *See Allshouse*, *supra*.

- 14 -

***Jarosz***, ***supra***.  Therefore, we must affirm the order of the PCRA court.  ***See***

***Washington***, ***supra***; ***see also Rios***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2021